UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60239-CR-DIMITROULEAS/Snow

UNITED STATES OF AMERICA,

v.

CHRISTOPHER HOLMES,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Christopher Holmes (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Indictment, which charges knowing possession or access with intent to view child pornography and attempted possession or access with intent to view child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

2. The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that

advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a maximum term of imprisonment of twenty (20) years, followed by a term of supervised release of at least five (5) years and up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion or this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the

Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government or a recommendation made jointly by both the defendant and the government.

8. The United States Attorney's Office and the defendant, individually and by and through his counsel, agree that although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence of four (4) years imprisonment followed by a term of five (5) years of supervised release. Although not binding on the probation office or the Court, the United States Attorney's Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, neither party will request an upward or downward departure from the joint recommendation of four (4) years imprisonment and five (5) years of supervised release.

9. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to

appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

10. The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, and/or their substitutes which is subject to forfeiture pursuant to 18 U.S.C. § 2253 including but not limited to, the following:

(a) One (1) Toshiba Laptop Computer, Serial Number 5B100586K.

As a result of the offense alleged in the Indictment, the defendant agrees that the above-named property is: 1) a visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received; 2) property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from such violation; and/or 3) property, real or personal, used or intended to be used to commit or to promote the commission of such violation and any property traceable to such

property in violation of 18 U.S.C. § 2252(a)(4)(B) and is subject to forfeiture pursuant to 18 U.S.C. § 2253.

The defendant knowingly and voluntarily waives any claim or defense he may have under the Eight Amendment of the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets.

The defendant waives his right to appeal the forfeiture.

11. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, he will be subject to the registration requirements of Florida State Statute 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

12. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in the state of Florida, and shall also register with the state sex

offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 1/22/14         By: _____
                           Corey Steinberg
                           Assistant United States Attorney

Date: 1/22/14         By: _____
                           Michael E. Dutko
                           Attorney for Defendant

Date: 1/22/14         By: _____
                           Christopher Holmes
                           Defendant

7