RP:sb

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.13-60239-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

CHRISTOPHER HOLMES,

Defendant.

_____/

**PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture.   Being fully advised in the premises and based on the motion of the United States, the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant, Christopher Holmes (hereinafter referred to as "defendant"):

1.      On September 26, 2013, a United States Grand Jury returned an Indictment charging   that defendant Christopher Holmes did knowingly possess, and knowingly access with intent to view, matter, that is, a Toshiba Laptop Computer, which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means including by computer, and which was produced using materials which have been so shipped and transported, by any means, including by computer, and the production of such visual depiction having involved

1

the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).   Pursuant to Title 18, United States Code, Section 2252(b)(2), it was further alleged that this violation involved a visual depiction of a prepubescent minor or a minor who had not attained twelve (12) years of age.

2.     The Indictment also included forfeiture allegations pursuant to Title18, United States Code, Sections 2253, of any property, real or personal, used or intended to be used to commit or to promote the commission of such offense. The property included, but was not limited to the following:

(a)     One (1) Toshiba Laptop Computer, Serial Number 5B100586K.

3.     On January 22, 2014, the defendant plead guilty to the Indictment, (DE# 27, 28) and signed a written plea agreement in which he forfeited to the United States all of his right, title and interest in the property listed in paragraph 2 above, pursuant to Title 18, United States Code, Section 2253, as property accumulated as a result of illegal activities, in violation of Section 2252A.

Therefore, in consideration of the defendant's plea of guilty and his written agreement regarding the forfeiture requested herein, upon motion of the United States and for good cause shown thereby, it is hereby

**ORDERED and ADJUDGED** that:

1.     The following property:

(a)     One (1) Toshiba Laptop Computer, Serial Number 5B100586K.

2

is hereby forfeited to the United States of America pursuant to the procedures of Title 21, United States Code, Section 853, Title 18, United States Code, Section 2253, and Rule 32.2 (b)(2).

2.      The United States Customs and Border Protection or any duly authorized law enforcement official, may seize and take custody of the property identified herein above as forfeited under this order pursuant to Title 21, United States Code, Section 853 and Tile 18, United States Code, Section 2253.

3.      The United States shall publish notice of this Order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6). The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4.      The United States may provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5.      The United States is further authorized, pursuant to Title 21, United States Code, Section 853(k) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

3

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n)(7) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then pursuant to Title 21, United States Code, Section 853(n)(7), the Court will issue a final order of forfeiture, and the United States Federal Bureau of Investigation, or any duly authorized law enforcement official, may dispose of the property forfeited hereunder according to law.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida this _31_ day of January, 2014.

HONORABLE WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:   AUSA Roger W. Powell (2 certified copies)

4