April 2, 2014
The Honorable Judge William P. Dimitrouleas
US District Court for the Southern District of Florida
299 East Broward #203F
Fort Lauderdale, FL 33301

Subject:  Christopher Holmes (case 0:13-cr-60239-WPD)

Honorable Judge Dimitrouleas:

It is with much sadness that I write you on behalf of our families safety. How fast things change in the blink of an eye. I can speak for myself as well as all of our neighbors at discovering the sick and twisted mind of the man ( Kip) who was once our neighbor and friend. Whom shared many events with our very close knit block. I felt betrayed and deceived and questioned my ability to judge a person.
The most frightening thing of all is that there was never a sign and as parents of 2 children boy and girl we were in the dark. We were clueless at the evil smiling at us and our children. Talk about a wolf in sheep's clothes.
 He has plead guilty to some horrific chats in a chat room of his intent to mutilate children!! How long will it be until we have another missing child if he is allowed to be free?
We feel the best way our children can feel safe in the home they are growing up in is to give him the max sentence. Please don't let another one out to harm another child.
Thank you for your consideration regarding this matter.
*Michael and Sherri Marino*
Michael and Sherri Marino
Residents on 18th Ave for 27 years.

April 2, 2014

The Honorable Judge William P. Dimitrouleas
US District Court for the Southern District of Florida
299 East Broward #203F
Fort Lauderdale, FL 33301

Subject:  Christopher Holmes (case 0:13-cr-60239-WPD)

Dear Honorable Judge Dimitrouleas:

After careful thought and consideration, we feel the responsibility to write to you and express our concerns about Christopher (Kip) Holmes, our next door neighbor.  Mr. Holmes' guilty plea and case have changed our lives tremendously.  We are very sad for how the innocent, free spirit and spontaneous activities of our four young boys has changed forever by living in fear of someone dangerously so close.   With Mr. Holmes the "don't talk to strangers talk" is not enough anymore for he is someone they thought they knew.  It's has been very challenging to explain the exact nature of Mr. Holmes charges to our young boys in a way they can possibly understand and process.

Our knowledge of the case comes from public records (Pacer.gov) because we believe only facts should influence us.  One of these records #29 entered in court on Jan 22, 2014 titled "STIPULATED FACTUAL BASES" describes the sadistic nature of the findings to which Mr. Holmes pled guilty.

In four years, our youngest one will be 12.  He will still be a child in danger living next to Mr. Holmes – he is not yet old enough to protect himself.  Jimmy Rick comes to mind.  As per Jimmy Rice act, once released will Christopher be released to live back next door to our children and at what age will they be? When our child's friends come over do we need to notify the parents?  The school?

On a daily basis, not once, not twice but many times this situation weights heavy on our minds and gives us deep pause and concern.  We are concerned about our children's safety, their friend's safety, and all of the child residents that live in proximity to Mr. Holmes.  We walk out the door and look at his house multiple times a day and each time we think about what Mr. Holmes has done.  We have lost sleep, we have cried, we have considered moving our family from the street we love.  We are simply devastated.

As parents, it's our instinct to protect our children.  So we write to this court to which we entrust our children's safe keeping.  And again, due to the sadistic nature of the guilty plea we are very concerned that our children live next door to Mr. Holmes.
Our children's voices need to be heard.  They want to feel safe to ride bikes, shoot hoops in the cul-de-sac and throw a ball.  They deserve the right to be kids.

Sincerely,

Marcos and Saionara Darosa

April 2, 2014

The Honorable Judge William P. Dimitrouleas
US District Court for the Southern District of Florida
299 East Broward #203F
Fort Lauderdale, FL 33301

Subject:  Christopher Holmes (case 0:13-cr-60239-WPD)

Dear Honorable Judge Dimitrouleas:

We are writing to you as neighbors and parents of three children who live on the same street of Christopher (Kip) Holmes. As fifteen-year residents of NE 18th Avenue, our street is very special. We have raised our children, supported one another through various bad times (our house burning down, Hurricane Wilma) and have always come together for annual events (Luminaries on Christmas Eve, BBQ's, family trick or treating on Halloween, Wilton Manors Police Night Out Events).  We have opened our doors to neighbors (including Mr. Holmes) and shared our lives without any concern or fear that our children would potentially be in harms way.  Mr. Holmes arrest and later admission of guilt to possession or access with intent to view child pornography, threats of torturing and killing young children completely changed the culture and dynamic of our street.

My son, who just turned 11, is lucky enough to have his best friend live on our street. It has been such a blessing that our children have grown together and shared so many memories.  Unfortunately, his best friend lives directly next to Mr. Holmes. Gone are the innocent bike rides to each other's homes.  Gone is the freedom to play in the cul-de-sac in front of his friend's house.  I shuttered in fear when I watched both boys ride their bikes up into Kip's driveway, envisioning that my child is within feet of a man who has pled guilty of looking at horrific child images and threatening the brutal torture of children.

This is not a street of transients, this is a tight-nit neighborhood of long-term residents who care for one another and watch out for one another.  We (Ernie and I) are devastated by the innocence lost and Mr. Holmes is responsible for that. He single handedly changed our street's dynamic, instilling fear amongst our children and us.

The brutal nature of Mr. Holmes chat-logs, the threat of torture and killing shows clear intent to harm children. By Mr. Holmes serving the longest sentence possible will allow us time to heal, and my children to grow and be off the street by the time he returns. Their safety is at risk as long as Mr. Holmes is living in proximity to our children, the most vulnerable and the most at risk.

Thank you for your consideration,

Ernie and Renee Flores